**Larry L. WHOLECHEESE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8496.**

Court of Appeals of Alaska.

Oct. 15, 2004.

William R. Satterberg Jr., Fairbanks, for the Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

In this appeal, we review the superior court's application of Alaska Criminal Rule 18, the rule that controls venue in a criminal case. Larry L. Wholecheese was charged with committing a felony in Galena, a town on the Yukon River west of Fairbanks. Criminal Rule 18 specifies Fairbanks as the designated site for Wholecheese's trial.

Wholecheese moved to have trial in Galena, but Galena is not an approved felony trial site. Ultimately, the superior court ordered that trial be held in Nenana which was both an approved felony trial site under Criminal Rule 18 and which Wholecheese himself had suggested as an appropriate alternative venue for trial.

Wholecheese argues that venue should have been in Galena and that venue in Nenana was improper. We conclude that the superior court did not abuse its discretion when it ordered trial in Nenana. Accordingly, we affirm Wholecheese's convictions.

*Facts and proceedings*

Wholecheese was arrested in Galena and ultimately indicted for two counts of attempted first-degree sexual abuse of a minor,[1] three counts of first-degree sexual abuse of a minor,[2] second-degree sexual abuse of a minor,[3] first-degree escape,[4] and third-degree assault.[5] Under Criminal Rule 18, the presumptive trial site for a felony occurring in Galena is Fairbanks.

Wholecheese moved under Criminal Rule 18(e) to change venue for trial from Fairbanks to Galena. Wholecheese argued that trial should be held in Galena because the alleged crimes took place in Galena, because holding trial in Galena would provide Wholecheese with a jury pool of his peers, and because holding trial in Galena would be convenient for the witnesses. Judge Steinkruger noted that Galena was not an approved site for a felony trial under the Criminal Rules. Wholecheese responded that if the court would not move the trial to Galena, then the trial should be held in Ft. Yukon,

and if not there, then in Nenana. Judge Steinkruger granted Wholecheese's motion to change venue, ruling that trial would be held in Nenana.

Wholecheese was tried in Nenana before Superior Court Judge Charles R. Pengilly. A jury found Wholecheese not guilty of all the sexual abuse crimes, but found him guilty of second-degree escape and third-degree assault.

*The Alaska Supreme Court's decision in Alvarado, and the supreme court's codification of Alvarado in Criminal Rule 18*

Recently, in *John v. State,*[6] we reviewed the Alaska Supreme Court's decision in *Alvarado v. State.*[7] In *Alvarado,* the supreme court recognized that "profound cultural differences exist between the Native villages and urban areas of Alaska."[8] Because of the "enormous gulf which separates the mode of life of the typical Alaskan villager from the type of existence led by most residents of [the larger] cities of the state,"[9] the supreme court held that it was a constitutional violation for juries drawn solely from a larger city to decide the case of a defendant charged with committing a crime in a rural village. The court declared that the Alaska Constitution guarantees a criminal defendant the right to have a jury selected from a pool that represents "a fair cross section of the community in which the crime occurred."[10]

In *John,* we recognized that the supreme court designed Alaska Criminal Rule 18 to implement the *Alvarado* decision.[11] Under section (a) of the rule, the supreme court created a venue map that divides Alaska into twenty-five superior court venue districts.[12]

---

1. AS 11.31.100(a), AS 11.41.434(a).

2. AS 11.41.434(a).

3. AS 11.41.436(a).

4. AS 11.56.300(a).

5. AS 11.41.220(a).

6. 35 P.3d 53 (Alaska App.2001).

7. 486 P.2d 891 (Alaska 1971).

8. *Id.* at 894.

9. *Id.* at 899.

10. *Id.* at 903.

11. *John,* 35 P.3d at 55.

12. Criminal Rule 18(a) states: "Venue Districts. Districts establishing venue for all criminal cases shall be devised and promulgated by the supreme court in the form of a map. The map shall indicate venue district boundaries for each existing court location capable of holding six-person jury trials or both six and twelve-person jury trials."

Each venue district is centered around a city or town designated as a suitable site for felony trials. Section (b) of Rule 18 sets out a four-part formula for establishing venue for a crime committed in any given location in Alaska.[13] By using Rule 18(b) in combination with the venue map, judges can identify a trial site where the composition of the jury pool could be expected to satisfy *Alvarado*.[14]

Subsections (c) and (d) of Rule 18 authorize the administrative director of the Alaska Court System to designate other trial sites in addition to those identified on the venue map. The published list of these additional trial sites states whether each additional site is approved for six-person juries, twelve-person juries, or both.[15]

Although a defendant's trial site is first determined under Rule 18(b), Rule 18(e) gives a defendant the right to request trial in another approved location if that location "is the community within the venue district ... nearest the place where the alleged crime was committed." In addition, if a trial site identified by Rule 18(a)-(e) "will not provide a petit jury [pool] which is a representative cross-section of the appropriate community," Rule 18(f) authorizes the court to draw prospective jurors from another area under Administrative Rule 15(c).

*The superior court's application of Rule 18 in this case*

■ Wholecheese's initial trial site was properly designated as Fairbanks because Fairbanks is the city within the venue district that is the designated trial site for felony crimes that occur in Galena.[16] However, Rule 18(e) authorized Wholecheese to request a change in venue to "an approved trial site location if such location is the community within the venue district with trial facilities

nearest the place where the alleged crime was committed."

In the superior court, Wholecheese argued that Galena was an appropriate trial site. In support of his motion, Wholecheese offered evidence that he claimed showed that Galena met the minimum standards for an additional trial site location established by the administrative director pursuant to Rule 18(c).[17] Wholecheese apparently argues here that the superior court should have evaluated the evidence that he presented and should have made its own determination whether Galena met the standards for an additional trial site. But the superior court does not have that authority under Criminal Rule 18. Rule 18 authorizes only the administrative director to designate additional trial sites, not the superior court. We reject Wholecheese's claim that the superior court should have approved Galena as an additional trial site because he presented evidence that purportedly showed that Galena met the administrative director's standards for a felony trial site.

■ Wholecheese also argues that the selection of Nenana as a trial site precluded a jury pool from Galena and the surrounding area and that the selection of Nenana was inconsistent with his rights under *Alvarado*. But *Alvarado* does not entitle Wholecheese to draw a panel from Galena. It entitles Wholecheese to a panel that "represent[s] a fair cross section of the community in which the crime occurred."[18] As the supreme court explained in *Alvarado*, the source of prospective jurors does not always have to include residents of the location where the alleged crime was committed, "for it is conceivable that the source of prospective jurors may exclude the scene of the alleged offense, yet still reasonably represent a cross section of the community which includes the scene of

13. Criminal Rule 18(b) provides: "Trial Location Assignment. When a request for trial is made, all cases shall be initially assigned to:
(1) The existing court location;
(2) Nearest to the situs of the alleged crime;
(3) Within the venue district;
(4) That has a judge and facilities for either a six-person or twelve-person jury as is necessary to the case."

14. *See John,* 35 P.3d at 55.

15. Alaska R.Crim. P. 18(d)(2).

16. *See* Alaska R.Crim. P. 18(d) and attached list of trial sites.

17. *See* Administrative Bulletin No. 28 (1987), *available at* http://www.state.ak.us/courts/ab28.htm.

18. *Alvarado,* 486 P.2d at 903.

the offense." [19] Furthermore, Wholecheese has not pointed out anywhere in the record where he objected to the composition of the jury panel that was called in Nenana or attempted to show that the composition of the Nenana jury pool did not adequately represent a fair cross section of the people who would have been summoned for jury duty if the trial had been held in Galena. It was Wholecheese's burden to show that the jury panel was deficient,[20] and Wholecheese did not undertake this burden.

Wholecheese next claims that his motion in the superior court is more properly characterized as a motion under Rule 18(f) to change venue to obtain a jury panel that represented a "fair cross-section" of Galena. But Rule 18(f) does not deal with motions to change venue. Instead, Rule 18(f) authorizes the trial court to proceed under Administrative Rule 15(c) and summon a jury pool from outside the area where the trial will be held as determined by Criminal Rule 18(a)-(e).

Moreover, as noted above, Wholecheese did not attempt to show that the Nenana jury pool did not adequately represent a fair cross section of the pool that would have been summoned for a trial in Galena. This inaction is fatal to his claims that the panel called for his trial was constitutionally deficient. Even if the superior court understood that Wholecheese was asking the court under Rule 18(f) to summon a jury pool from a different area, the court could properly deny the motion because Wholecheese made no showing that the Nenana jury pool was deficient.

Criminal Rule 18(e) allowed Wholecheese to request a change in venue from Fairbanks to another approved felony trial site "if such location is the community within the venue district with trial facilities nearest the place where the alleged crime was committed." The trial site that fits this definition is Nenana. Judge Steinkruger did not abuse her discretion when she granted Wholecheese's request to change venue from Fairbanks by ordering that the trial be held in Nenana.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**19.** *Id.* at 902 n. 29.

**20.** *See Tugatuk v. State,* 626 P.2d 95, 100 (Alaska 1981).