NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter.  Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| MAMIE S. TINKER,<br><br>                Petitioner,<br><br>      v.<br><br>STATE OF ALASKA,<br><br>                Respondent. | Court of Appeals No. A-12677<br>Trial Court No. 4HB-16-034 CR<br><br><br>O P I N I O N<br><br><br>No. 2530 — December 23, 2016 |

Petition for Review from the District Court, Fourth Judicial District, Bethel, Nathaniel Peters, Judge.

Appearances:  Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Kenneth M. Rosenstein, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Respondent.

Before:  Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.*

Judge MANNHEIMER.

---

    \*  Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

The defendant in this case, Mamie S. Tinker, is charged with fourth-degree assault arising out of an incident that occurred in Hooper Bay. Alaska Criminal Rule 18(a) designates Bethel as the presumptive trial site for offenses occurring in Hooper Bay, but Tinker's attorney filed a motion under Criminal Rule 18(g) asking the district court to hold her trial in Hooper Bay.

Criminal Rule 18(g) authorizes a court to change the venue of a criminal trial "under the standards listed in AS 22.10.040". In her motion, Tinker relied on the portion of AS 22.10.040 which declares that venue can be changed "when the convenience of witnesses and the ends of justice would be promoted by the change of venue". She pointed out that all of the prospective witnesses are residents of Hooper Bay, and she offered evidence that Hooper Bay has a courthouse and other facilities adequate to accommodate a misdemeanor trial.

The district court denied Tinker's request for a change of venue, relying on this Court's decision in *Wholecheese v. State*, 100 P.3d 14, 16 (Alaska App. 2004). The district court interpreted *Wholecheese* to mean that a judge has no authority to hold a trial in a location that is neither (1) designated as the presumptive trial site by Criminal Rule 18 nor (2) designated by the Administrative Director as an approved additional trial site (in Administrative Bulletin 27).

Based on this interpretation of *Wholecheese*, the district court concluded that even if Tinker was correct in asserting that Hooper Bay had suitable facilities for a misdemeanor trial, and that a change of venue to Hooper Bay would promote the convenience of witnesses and the ends of justice, all of this was irrelevant — because the court had no authority to hold Tinker's trial in Hooper Bay even if these things were true.

Tinker now petitions this Court to review and reverse the district court's ruling on her request for a change of venue.

In her petition, Tinker points out that the *Wholecheese* decision deals only with requests for an alternate trial site under Rule 18*(e)* — motions for a change of venue *by right*. Because Tinker is seeking a discretionary change of venue under Rule 18*(g)*, she argues that *Wholecheese* does not control her case, and that the district court has the authority under Criminal Rule 18(g) to change the site of the trial to *any* location if the criteria of AS 22.10.040 are met — even when the proposed trial location (1) is not designated as the presumptive trial site by Criminal Rule 18, and (2) has not been designated by the Administrative Director as an approved additional trial site.

The State agrees with Tinker that *Wholecheese* only governs requests for change of venue under Criminal Rule 18(e), and that a court's authority to order a change of venue under Criminal Rule 18(g) is not limited to the locations that are listed as approved trial sites in Rule 18 or that have been designated as additional trial sites by the Administrative Director.

We agree with the parties that *Wholecheese* does not govern requests for change of venue under Criminal Rule 18(g), and we further agree with the parties that the district court has the authority to hold Tinker's trial in Hooper Bay if that venue is appropriate under the criteria listed in AS 22.10.040.

We therefore VACATE the district court's decision on Tinker's motion for a change of venue. We direct the district court to hold a hearing to investigate Tinker's assertions that the facilities in Hooper Bay are adequate for holding a misdemeanor trial, and that the convenience of witnesses and the ends of justice would be promoted by a change of venue to Hooper Bay.

We express no opinion on these matters, and we do not retain jurisdiction over this case.